UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

    Plaintiff,                                 Hon. Janet T. Neff

v.                                                  Case No. 1:17-CV-98

MEGAN BRENNAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss, (ECF No. 28), Plaintiff's Motion to Amend Complaint, (ECF No. 25), and Plaintiff's Motion to Dismiss without Prejudice and Transfer, (ECF No. 32).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion  be **granted**, Plaintiff's motions be **denied**, Plaintiff's claims against the unserved Defendant be dismissed, and this action **terminated**.

**I.**        **Defendants' Motion to Dismiss**

Plaintiff initiated this matter on September 7, 2016, against the United States Postal Service, Megan Brennan, the Postmaster General, and Beth Eliopoulos, a postal service employee. (ECF No. 1).  Service of Plaintiff's complaint has been effected on the Postal Service and the Postmaster General, but not as to Defendant Eliopoulos.  The present action concerns Plaintiff's termination of employment from the United States Postal Service in April 2004.  Plaintiff has previously filed in this Court numerous actions concerning the termination of his employment with the Postal Service. Defendants move to dismiss, on res judicata grounds, Plaintiff's claims.

Plaintiff has previously filed in this Court ten (10) actions concerning the termination of his employment with the Postal Service. *See Hood v. Brennan*, Case No. 1:14-cv-1104 (W.D. Mich.); *Hood v. United States Postal Service*, Case No. 1:15-cv-1247 (W.D. Mich); *Hood v. United States Postal Service*, Case No. 1:15-cv-1278 (W.D. Mich); *Hood v. United States Postal Service*, Case No. 1:15-cv-1279 (W.D. Mich); *Hood v. United States Postal Service*, Case No. 1:16-cv-401 (W.D. Mich). Plaintiff's claims in all of these previous actions were dismissed. The claims asserted in the present action were raised, or could have been raised, by Plaintiff in any one of his previous lawsuits. Accordingly, the present action is barred by the doctrine of res judicata. *See, e.g., Young v. Township of Green Oak*, 471 F.3d 674, 680-81 (6th Cir. 2006). Thus, the present action fails to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted.

II.     **Plaintiff's Motion to Amend Complaint**

More than five months after initiating this action, Plaintiff moved to amend his complaint. In his proposed amended complaint, Plaintiff does not seek to assert additional claims or seek relief from additional defendants. Rather, Plaintiff seeks to "add factual details. . .based [on] the same transaction at issue. . ." As discussed in the preceding section, Plaintiff's claims are barred by res judicata and, therefore, Plaintiff's proposed amendments are futile. Accordingly, the undersigned recommends that Plaintiff's motion to amend be denied. *See Gale v. Charter Tp. of Filer Bd. of Trustees*, 142 F.Supp.3d 549, 555 (W.D. Mich. 2015) (denial of motion to amend complaint appropriate where proposed amended complaint would not survive a motion to dismiss).

### III.     Plaintiff's Motion to Dismiss

After Defendants moved to dismiss Plaintiff's claims on res judicata grounds, Plaintiff moved to dismiss this action without prejudice. Asserting that jurisdiction is not proper in this Court, Plaintiff seeks to have the present action transferred to the United States Merit System Protection Board. In his complaint, Plaintiff alleges that Defendants violated the following federal statutory and constitutional provisions: (1) Title VII; (2) Rehabilitation Act; (3) Equal Pay Act; (4) Postal Reorganization Act; (5) Administrative Procedures Act; (6) 42 U.S.C. § 1981 (Equal Rights under the Law); (7) First Amendment; (8) Fifth Amendment; and (9) Eighth Amendment. This Court can certainly exercise jurisdiction over these claims. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

### IV.     Failure to Timely Effect Service

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added); *Clemons v. Soeltner*, 652 Fed. Appx. 81, 82 (6th Cir., Mar. 26, 2003) (if the plaintiff demonstrates good cause for such failure, the court *may* extend the time for service).

Plaintiff initiated the present action on September 7, 2016.  Plaintiff paid the filing fee and is, therefore, responsible for effecting service on Defendant Eliopoulos.  More than 180 days have passed since Plaintiff initiated this action.  Plaintiff has failed to effect service on Defendant Eliopoulos or request an extension of time to accomplish such.  Considering Plaintiff's lack of diligence in this matter, the undersigned recommends that Plaintiff's claims against Defendant Eliopoulos be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 28), be **granted**; Plaintiff's Motion to Amend Complaint, (ECF No. 25), be **denied**; and Plaintiff's Motion to Dismiss without Prejudice and Transfer, (ECF No. 32), be **denied**.  The undersigned further recommends that Plaintiff's claims against Defendant Eliopoulos be dismissed without prejudice for failure to timely effect service and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  April 11, 2017   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge